**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 24, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARVIN GREEN,

      Plaintiff - Appellant,

v.

MEGAN J. BRENNAN, Postmaster
General, United States Postal Service,

      Defendant - Appellee.

No. 13-1096
(D.C. No. 1:10-CV-02201-LTB-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.
_____

This matter is before us on remand from the Supreme Court. Appellant Marvin

Green was a postmaster with the U.S. Postal Service. He sued the Postmaster General

under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., claiming five

acts of retaliation against him for making employment-discrimination claims: a letter

notifying him to attend an investigative interview, the investigative interview itself, a

threat of criminal charges, an alleged constructive discharge, and his placement on unpaid

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

leave (an emergency placement). In *Green v. Donahoe*, 760 F.3d 1135, 1147 (10th Cir. 2014), we affirmed the district court's dismissal of the first four claims but reversed the district court's grant of summary judgment in favor of the Postmaster General on the emergency-placement claim. We affirmed the dismissal of the constructive-discharge claim as untimely because Mr. Green failed to contact the Equal Employment Opportunity Office within 45 days after his employer's last discriminatory act. *See id.* at 1145.

In *Green v. Brennan*, 136 S. Ct. 1769, 1782 (2016), the Supreme Court reversed our judgment solely with respect to the constructive-discharge claim, holding that "a constructive-discharge claim accrues—and the limitations period begins to run—when the employee gives notice of his resignation." The Court left open the question of when Mr. Green gave notice of his resignation, noting:

> The Government argues that Green resigned on December 16, 2009—when he signed the settlement agreement—and that his claim is therefore still time barred. Green argues that he did not resign until February 9, 2010—when he submitted his retirement paperwork—and that his claim is therefore timely.

*Id.*

We agree with Mr. Green. The settlement agreement did not constitute a definitive notice of resignation because it provided that Mr. Green could still choose to continue his employment with the Postal Service by reporting for duty in Wyoming. He did not give such notice until submitting retirement paperwork on February 9, 2010. We therefore vacate that portion of our prior opinion holding the constructive-discharge claim untimely, and reinstate the remainder of the opinion.

We AFFIRM the district court's dismissal of the claims based on the investigative-interview letter, the investigative interview itself, and the threat of criminal charges. We REVERSE summary judgment for the Postmaster General on the constructive-discharge and emergency-placement claims, and we REMAND for proceedings consistent with our prior decision as modified by the Supreme Court.

Entered for the Court

Harris L Hartz
Circuit Judge